UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 20-4920-JWH (KS)                                           Date: January 4, 2021

Title   <u>Norice Patterson v. Josie Gastelo</u>

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

    On May 29, 2020, Plaintiff a California state prisoner proceeding *pro se*, filed a Complaint in the Eastern District pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.)  On June 3, 2020, the case was transferred to the Central District.  (Dkt. No. 3.)  On August 5, 2020, the Court directed Plaintiff to proceed with service of the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure and to file proof of service within 90 days, *i.e.*, no later than November 3, 2020. (Dkt. No. 8.)

    On October 2, 2020, Plaintiff filed a document entitled "Proof of Service," which contained an affidavit from Authur Mc'Clendan. (Dkt. No. 13.)  In the affidavit, Mc'Clendan states that, on September 8, 2020, he sent via certified registered mail a Notice of Lawsuit and Request for Waiver of Service of Summons, the Summons, and the Complaint to Defendants Josie Gastelo and the California Department of Corrections and Rehabilitations. (*Id.*)  The affidavit does not state whether, as required by Rule 4(d)(1), Mc'Clendan also mailed Defendants a prepaid means for returning the waiver form.  (*See generally id.*); *see also* FED. R. CIV. P. 4(d)(1)(C).  To date, no waiver of service has been filed with the Court. **DEFENDANT'S FAILURE TO WAIVE DOES NOT CONSTITUTE SERVICE OF PROCESS**.  *See* FED. R. CIV. P. 4(d)(2).  Further, because Plaintiff neglected to identify the specific addresses to which he sent the Request for Waiver, there is no proof that he sent the Requests for Waiver to Defendants' correct addresses.

    Rule 4(m) of the Federal Rules of Civil Procedure states:  "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-4920-JWH (KS)                      Date: January 4, 2021

Title   *Norice Patterson v. Josie Gastelo*

extend the time for service for an appropriate period." Neither a litigant's *pro se* status nor his lack of legal sophistication is good cause for his failure to comply with the Federal Rules of Civil Procedure. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Wennihan v. AHCCCS*, 515 F. Supp. 2d 1040, 1043 (D. Ariz. 2005); *see also Springer v. Best*, 264 F.2d 24, 25 (9th Cir. 1959) (it has never been the court's function "to supervise laymen in the practice of law"); Local Rule 1-3 ("Persons appearing *pro se* are bound by these rules.").

Here, two months have passed since Plaintiff's deadline for serving Defendants and no valid proof of service has been filed. Accordingly, Plaintiff's claims are now subject to dismissal under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. Therefore, **IT IS ORDERED that Plaintiff shall show cause, no later than January 25, 2021, why the action should not be dismissed** for failure to prosecute and comply with Rule 4(m) of the Federal Rules of Civil Procedure. **To discharge this order and proceed with this action, Plaintiff shall file <u>one</u> of the following no later than the January 25, 2021 deadline**:

(1) A request for an extension of time to serve Defendants that establishes good cause for Plaintiff's failure to effect service within the 90-day timeframe;

(2) An application to proceed without prepayment of filing fees (CV-60P) and a motion for service by the U.S. Marshal that sets forth whatever steps to serve process Plaintiff has taken and explains why a court order is necessary to accomplish service; or

(3) An amended proof of service showing that Defendants now have been served.

**Plaintiff's failure to timely comply with this Order will result in a recommendation of dismissal.** The Clerk is directed to send Plaintiff a copy of the Central District's form Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-60P).

      **IT IS SO ORDERED**.

                                                                                                      :

                                                            **Initials of Preparer**   gr